ROSETTA V. HAUSS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10826.   Promulgated June 22, 1928.

*Joseph E. Davies, Esq., John W. Davis, Esq., Arthur J. Lacy, Esq., Clarence E. Wilcox, Esq., Franklin D. Jones, Esq., Sidney T. Miller, Esq., Herbert Pope, Esq., E. Barrett Prettyman, Esq., Lewis H. Paddock, Esq., Raymond H. Berry, Esq., Montgomery B. Angell, Esq., Luman W. Goodenough, Esq.,* and *Russell A. McNair, Esq.,* for the petitioner.

*A. W. Gregg, Esq., W. Hall Trigg, Esq., Floyd F. Toomey, Esq., E. C. Lake, Esq.,* and *J. F. Greaney, Esq.,* for the respondent.

BEFORE STERNHAGEN, MARQUETTE, and VAN FOSSAN.

OPINION.

STERNHAGEN: This petitioner was in 1913 a stockholder owning 20 shares of the Ford Motor Co. which she had acquired by purchasing 1 share for $100 at the time of incorporation and later receiving 19 shares by way of stock dividend. She sold her holding in 1919 for $260,000, and upon her income-tax return for that year she stated a gain of $70,213.20 computed, under section 202 (a) (1) Revenue Act of 1918, upon a basis of $189,786.80 taken as the fair market price or value at the rate of $9,489.34 a share, which was the figure stated by Commissioner Roper in his letter to Ballantine. She omitted from her gross income the $19,275.39 dividend received from the Ford Company which was declared pursuant to the decree of the court in *Dodge* v. *Ford Motor Co.*

The respondent, in March, 1925, determined a deficiency of $85,267.83, but since the petitioner signed a so-called waiver extending the time for assessment until December 31, 1925, he made no assessment as he did in the case of *James Couzens*, Docket No. 10438. This deficiency of $85,267.83 resulted from the respondent's reduction of the basic value on March 1, 1913, of the Ford stock from $9,489.34 to $2,634 a share.

Later, on November 19, 1925, respondent modified the deficiency from $85,267.83 to $84,404.83. This change resulted from a further change in the basic value of the Ford stock to $3,547.84 a share and the inclusion of the so-called *Dodge* v. *Ford* dividend of $19,275.39 in the net income subject to surtax.

The petitioner then duly filed her petition with this Board attacking this determination. She contests the respondent's power to find any value of the Ford stock on March 1, 1913, other than the figure of $9,489.34 stated by Commissioner Roper. She alleges that in fact the value was no less than that figure and relies upon evidence to prove its true value. And as to the $19,275.39, she contends that this was not within her income for 1919.

The views of the Board upon the respondent's right or power to determine a fair market price or value on March 1, 1913, of the petitioner's stock in the Ford Company are fully set forth in *James Couzens*, 11 B. T. A. 1040, in which the power was sustained. We have given careful consideration to the opinion handed down May 8, 1928, in *Woodworth* v. *Kales*, 26 Fed. (2d) 178. The court had before it on writ of error the directed verdict in the District Court founded upon the defendant's admission of the well-pleaded allegations of the petition. It did not have before it the voluminous record presented to the Board of the history of the controversy in the Bureau and was not called upon to review the Board's opinion, and there is no indication that such opinion was brought to the court's attention. We therefore adhere to the opinion expressed in *James Couzens, supra*.

The evidence as to the fair market price or value introduced by both petitioner and respondent was considered by the Board in *James Couzens, supra*, and we have found such fair market price or value to be at the rate of $10,000 a share. Thus the basis of gain for this petitioner was $200,000, and the gain was $60,000 instead of $70,213.20 as returned.

In the third issue presented, the petitioner contends that since, by decree of the Supreme Court of Michigan, the dividend was out of the cash surplus on hand at the close of the fiscal year ending July 31, 1916, it is taxable to petitioner as 1916 income at 1916 rates and not at the higher rates of 1919, when it was received. The Court of Claims in *Dodge and Bloomer, Administrators,* v. *United States,* 64 Ct. Cls. 178, and the United States District Court, Eastern District Michigan, in *Kales* v. *Woodworth,* 20 Fed. (2d) 395, had before them the same question arising out of the identical facts as they applied to two other stockholders of the Ford Company, and both courts decided that the dividends were taxable in 1919. We see no reason to reach a different conclusion here.

Furthermore, the record before us is deficient as to the petitioner's method of accounting. It does not appear whether the method used was that of actual receipts and disbursements or otherwise, and the return in evidence shows an omission to fill in the blank space where this question should be answered. But under any accounting method, we are of opinion that the income was taxable in 1919 when the dividend was declared by the corporation and received by the petitioner. There was no constructive receipt, as contended by petitioner, before this time, for she had no dominion, control or use of the amount. There was no accrued income at least before the court's order segregating the surplus. Before that she had only the inchoate right of a stockholder, *Eisner* v. *Macomber*, 252 U. S. 189. The petitioner's argument that there was a constructive trust in 1916 is not sufficient to show her taxable in 1916. An ordinary corporate stockholder is not taxed under this statute merely because the corporation has a surplus which a court of equity may at his instance order distributed. And we think that section 220, Revenue Act of 1918, and section 3, Revenue Act of 1916, add nothing to the argument.

The petitioner's income for 1919 should include the $19,275.39 as a dividend subject only to surtax and as to this the respondent's determination is sustained.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

Smith, Morris, Arundell, and Milliken did not participate in the consideration or decision of this proceeding.